*E-FILED*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-8714-GHK (RZx) | Date | June 14, 2012 |
|---|---|---|---|
| Title | *Shagane Ovsepyan v. OneWest Bank, FSB* | | |

| Presiding: The Honorable | GEORGE H. KING, U. S. DISTRICT JUDGE | |
|---|---|---|
| Beatrice Herrera | N/A | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:    (In Chambers) Order re:** Motion to Dismiss First Amended Complaint; [22]

This matter is before us on Defendant OneWest Bank, FSB's ("OneWest") Motion to Dismiss First Amended Complaint ("Motion"). We have considered the arguments in support of and in opposition to the Motion and deem this matter appropriate for resolution without oral argument. L.R. 7-15. As the Parties are familiar with the facts, we will repeat them only as necessary. Accordingly, we rule as follows.

## I.    Legal Standard

In order to survive dismissal for failure to state a claim, a complaint must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). It must contain factual allegations sufficient to "state a claim to relief that is plausible on its face." *Id.* at 570; *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009). In considering a motion to dismiss, we must accept the allegations of the complaint as true and construe them in the light most favorable to the plaintiff. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). We need not accept as true, however, legal conclusions "cast in the form of factual allegations." *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

## II.    Background

For purposes of this Motion, we accept the allegations of the First Amended Complaint ("FAC") as true and construe them in the light most favorable to Plaintiff. *Cousins*, 568 F.3d at 1067. Plaintiff Shagane Ovsepyan ("Plaintiff") is the borrower of a mortgage loan, of which OneWest is the current servicer. (Compl. ¶ 7). In May 2011, Plaintiff reviewed her records, "including credit history on the Loan as furnished by [OneWest] to the Credit Reporting Agencies Experian, Transunion and Equifax ('CRAs')," and concluded that there were "certain accounting errors" related to her loan payments. (*Id.*

*E-FILED*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-8714-GHK (RZx) | Date | June 14, 2012 |
|---|---|---|---|
| Title | *Shagane Ovsepyan v. OneWest Bank, FSB* | | |

¶10). On May 18, 2011, "Plaintiff submitted disputes with the CRAs, requesting investigation and verification of the accounts, and specifically the payment history and the delinquency remarks." (*Id.* ¶ 11). "The CRAs continue to report the loan amount in Plaintiff's credit records as if the information disputed had been verified as accurate by [OneWest]." (*Id.*).

On May 25, 2011, Plaintiff sent OneWest a letter, which she claims is a Qualified Written Request ("QWR"), as defined by the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605(e)(1)(B). (*Id.* ¶ 12). In the letter, Plaintiff expressed concerns regarding the loan and requested certain loan documents. (*Id.*). Plaintiff alleges that OneWest "failed to provide correspondence intended as acknowledgement [sic] of Plaintiff's QWR per 12 U.S.C. [§] 2605(e)(1)" and "failed to provide the requested information or otherwise adequately address Plaintiff's QWR within 60 days of its receipt, per 12 U.S.C. [§] 2605(e)(2)." (*Id.* ¶¶ 13-14).

On April 6, 2012, Plaintiff filed the FAC against OneWest. The FAC asserts two claims: (1) violation of RESPA, and (2) violation of the Fair Credit Reporting Act ("FCRA"). OneWest now moves to dismiss both claims.

## III.    Discussion

### A.    RESPA Claim

Plaintiff claims that OneWest violated RESPA, 12 U.S.C. § 2605, by failing to properly respond to her purported QWR. OneWest argues that this claim fails because Plaintiff's May 25, 2011 letter does not constitute a QWR and thus its RESPA duties were never triggered.

A servicer's RESPA duties are triggered when the servicer receives a "qualified written request" from a borrower. 12 U.S.C. § 2605(e)(1)(A). A QWR is defined as a "written request from the borrower (or an agent of the borrower) for information relating to the servicing of such loan." 12 U.S.C. § 2605(e)(1)(A). "The term 'servicing' means receiving any scheduled periodic payments from a borrower pursuant to the terms of any loan . . . and making the payments of principal and interest and such other payments with respect to the amounts received from the borrower as may be required pursuant to the terms of the loan." 12 U.S.C. § 2605(i)(3). Among other things, a QWR must (1) include "a statement of the reasons for the belief of the borrower . . . that the account is in error" or (2) "provide[] sufficient detail to the servicer regarding other information sought by the borrower." 12 U.S.C. § 2605(e)(1)(B). RESPA does not contemplate an "all encompassing request for documents and records." *Junod v. Dream House Mortg. Co.*, No. CV 11-7035-ODW (VBKx), 2012 WL 94355, at *4 (C.D. Cal. Jan. 5, 2012). Rather, any requests for information must be "directed to the servicing of a loan." *Id.*; *see also Jones v. PNS Bank, N.A.*, No. 10-CV-1077-LHK, 2010 WL 3325615, at *2 (N.D. Cal. Aug. 20, 2010) ("A QWR must seek information relating to the *servicing* of the loan; a request for loan origination documents is not a QWR.").

OneWest argues that Plaintiff's May 25, 2011 letter does not meet these requirements because it

*E-FILED*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-8714-GHK (RZx) | Date | June 14, 2012 |
|---|---|---|---|

| Title | *Shagane Ovsepyan v. OneWest Bank, FSB* |
|---|---|

does not state Plaintiff's reasons for believing that the account is in error or provide sufficient detail to OneWest regarding the information sought relating to the servicing of the loan.  Having reviewed Plaintiff's letter,[1] it is clear that it does not constitute a QWR.  First, although the letter states that Plaintiff "believes that the account contains multiple inaccuracies," it provides absolutely no reasons for this belief.  "RESPA § 2605(e)(1)(B) clearly requires that a disputing party give specific 'reasons' for claiming that an account is in error."  *Pettie v. Saxon Mortg. Servs.*, No. CV08-5089 RBL, 2009 WL 1325947, at *2 (W.D. Wash. May 12, 2009); *see also Eifling v. Nat'l City Mortg.*, No. CV10-5713 RBL, 2011 WL 893233, at *3 (W.D. Wash. Mar. 15, 2011) (rejecting letter from borrowers because it failed to contain specific reasons why they felt their account was in error, was a general inquiry regarding the account, and was a broad request for several categories of documents); *Byrd v. Guild Mortg. Co.*, No. 11CV2204-WQH-WVG, 2011 WL 6736049, at *3 (S.D. Cal. Dec. 20, 2011) ("Plaintiff['s] May 31, 2011 letter purports to be a QWR but fails to state specific or legitimate reasons for Plaintiff['s] belief that her account is in error.").  Because Plaintiff's letter does not provide specific reasons in support of her belief that her account is in error, it can only constitute a valid QWR if it provides sufficient detail to OneWest regarding information sought relating to the servicing of the loan.

Plaintiff's letter, which is eleven pages long, demands a laundry list of information, including the "physical location" of the original promissory note and deed of trust, "[a]ll electronic transfers, assignments, sales of the note, mortgage, deed of trust or other security instrument," "[a]ll copies of property inspection reports, appraisals, [broker's price opinions] and reports done on the property," and information about OneWest's business practices and systems of record-keeping.  Effectively, Plaintiff demands anything that relates to her loan from its inception to the present date.  Courts have held that such broad requests do not assist servicers in providing information to borrowers related to the servicing of their loans and thus do not fall within the confines of RESPA.  *See Wende v. Countrywide Home Loans, Inc.*, No. 10-cv-205-l(BLM), 2012 WL 642879, at *4 (S.D. Cal. Feb. 28, 2012) ("Plaintiff effectively demands anything that relates to his loan from its inception through July 2009, and in some requests, beyond.  Such requests lack sufficient detail under RESPA and do not fall within its confines."); *Derusseau v. Bank of Am., N.A.*, No. 11 CV 1766, 2011 WL 5975821, at *4 (S.D. Cal. Nov. 29, 2011) (holding that a letter that "effectively demands anything" related to the loan "does not assist" the servicer and is not covered by § 2605(e)); *Jones v. Vericrest Fin., Inc.*, No. 1:11-CV-2330-TWT-CCF, 2011 WL 7025915, at *18 (N.D. Ga. Dec. 7, 2011) (holding that a letter did not qualify as a QWR because it sought "documents covering a broad scope of information beyond that which could

---

[1] Although Plaintiff did not attach a copy of her May 25, 2011 letter to the FAC, OneWest has offered the document in support of its Motion.  Because Plaintiff refers to the letter extensively in the FAC and it forms the basis of her RESPA claim, we may consider it "without converting the motion to dismiss into a motion for summary judgment."  *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003); *see also id.* ("Even if a document is not attached to a complaint, it may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim.  The defendant may offer such a document, and the district court may treat such a document as part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6).").

*E-FILED*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-8714-GHK (RZx) | | Date | June 14, 2012 |
|----------|----------------------|---|------|---------------|

| Title | *Shagane Ovsepyan v. OneWest Bank, FSB* |
|-------|------------------------------------------|

reasonably be construed to fall under the definition of 'servicing' of the Loan" and stating that "a QWR by definition relates solely to the servicing of the loan, not to issues related to the origination of the loan"). We likewise conclude that Plaintiff's broad demand for documents does not assist OneWest in identifying the information Plaintiff seeks related to the *servicing* of her loan and thus does not constitute a QWR. Because Plaintiff's May 25, 2011 letter does not constitute a QWR, OneWest's RESPA duties were never triggered. Accordingly, Plaintiff's RESPA claim is **hereby DISMISSED**.

> **B.      FCRA Claim**

"The FCRA expressly creates a private right of action for willful or negligent noncompliance with its requirements." *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1154 (9th Cir. 2009). "However, [15 U.S.C.] § 1681s-2 limits this private right of action to claims arising under subsection (b)," which imposes a duty of investigation on furnishers of information to CRAs. *Id.* "The Ninth Circuit has specifically held that furnishers' Section 1681s-2(b) duty to investigate is triggered only after the consumer notifies the CRA [of disputed items], and the CRA then notifies the furnisher of credit." *Nelson v. Equifax Info. Servs., LLC*, 522 F. Supp. 2d 1222, 1231 (C.D. Cal. 2007); *see also Nelson v. Chase Manhattan Mortg. Corp.*, 282 F.3d 1057, 1060 (9th Cir. 2002) ("Congress . . . provide[d] a filtering mechanism in § 1681s-2(b) by making the disputatious consumer notify a CRA and setting up the CRA to receive notice of the investigation by the furnisher."); *Gorman*, 584 F.3d at 1154 ("[N]otice of a dispute received directly from the consumer does not trigger furnishers' duties under [§ 1681s-2(b)].").  Thus, to prevail on a claim under § 1681s-2(b), a borrower must show that (1) he notified a CRA of a disputed item, (2) the CRA then notified the defendant furnisher of the dispute, and (3) the furnisher failed to investigate and modify the inaccurate information. *Gorman*, 584 F.3d at 1154.

Here, OneWest argues that Plaintiff fails to state a claim under the FCRA because, although she references § 1681s-2(b) in the FAC, her "second cause of action does not allege a violation of subsection (b), but instead, specifically cites to subsection (a) in three separate paragraphs." (Reply 7 n.22). Plaintiff cannot bring a claim under § 1681s-2(a) because "no private right of action exists under subsection (a)." (Mot. 11).  Further, OneWest argues that "even if a claim under subsection (b) could somehow be read into [Plaintiff's] second cause of action . . . , the claim nevertheless fails because she has not alleged that OneWest received any notice of reporting discrepancies directly from the credit reporting agencies." (*Id.*).

OneWest is correct that Plaintiff cannot bring a claim under § 1681s-2(a) because the "[d]uties imposed on furnishers under subsection (a) are enforceable only by federal or state agencies."[2] *Gorman*, 584 F.3d at 1154. Thus, her FCRA claim is hereby **DISMISSED** insofar as it relies on a violation of subsection (a). However, construing the allegations of the FAC in the light most favorable to Plaintiff, we conclude that Plaintiff sufficiently states a claim for violation of subsection (b). First, although the second cause of action does not specifically cite § 1681s-2(b), it does allege that OneWest violated the

---

      [2] Subsection (a) imposes a duty on furnishers to provide accurate information to the CRAs.

*E-FILED*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-8714-GHK (RZx) | Date | June 14, 2012 |
|---|---|---|---|

| Title | *Shagane Ovsepyan v. OneWest Bank, FSB* | | |

FCRA "by failing to conduct [an] adequate investigation of the information disputed by Plaintiff." (FAC ¶ 29.f). As noted above, a furnisher's duty of investigation is governed by subsection (b). Thus, we construe this allegation to allege a violation of subsection (b). Moreover, elsewhere in the FAC, Plaintiff specifically cites subsection (b), stating "Plaintiff is entitled to a Private Remedy Against Furnishers and FCRA §1681s-2(b) triggers [OneWest's] furnisher's liability under this section, since Plaintiff made her initial disputes with the credit reporting agencies." (*Id.* ¶ 5).

Having determined that Plaintiff invokes subsection (b) in her second claim, we also conclude that her specific allegations as to how OneWest violated this subsection are sufficient to survive a motion to dismiss. As noted above, to prevail on a claim under § 1681s-2(b), a borrower must demonstrate that (1) he notified a CRA of a disputed item, (2) the CRA then notified the defendant furnisher of the dispute, and (3) the furnisher failed to investigate and modify the inaccurate information. Here, Plaintiff specifically alleges that she "submitted disputes with the CRAs," (FAC ¶ 11), and OneWest "fail[ed] to conduct [an] adequate investigation of the information disputed by Plaintiff," (FAC ¶ 29.f). While OneWest correctly states that Plaintiff "has not alleged that OneWest received any notice of reporting discrepancies directly from the [CRAs]," (Reply 7), "[c]ourts . . . have generally permitted complaints to proceed where plaintiffs allege that they notified [CRAs] of disputes, finding that discovery is generally necessary to evaluate whether a claim actually exists, as the claim may depend upon an act by the [CRA] in question." *Martinez v. Granite State Mgmt. & Res.*, No. 08-2769(JLL), 2008 WL 5046792, at *3 (D.N.J. Nov. 20, 2008).[3] Accordingly, Plaintiff's failure to allege that OneWest received notice of the dispute directly from the CRAs is not fatal to her claim at this stage of the case. Moreover, viewing the FAC in the light most favorable to Plaintiff, we can infer that the CRAs were aware of their legal duty to notify OneWest of any dispute and that they acted in conformity with this duty. OneWest's Motion is therefore **DENIED** insofar as it seeks dismissal of Plaintiff's claim under § 1681s-2(b). If discovery does not establish that OneWest received a report of inaccurate information from a CRA, OneWest may move for judgment on this claim at that time.

**IV.    Conclusion**

---

[3] *See also id.* ("A liberal reading of Martinez's Complaint makes it clear that although she does not, at this time, state the nature of her complaints to the credit reporting agencies or any actions taken thereafter, she did dispute the debt, and discovery will disclose the substance of these claims and whether or not Granite State received the notice required from the credit reporting agencies for liability under § 1681s-2(b)."); *Jamarillo v. Experian Info. Solutions, Inc.*, 155 F. Supp. 356, 363 (E.D. Pa. 2001) ("When he filed this complaint, Mr. Jaramillo could not have known whether Experian or CBA had forwarded the inaccurate information to National City, pursuant to 1681i(a)(2). When this information is provided to plaintiff in discovery, it will become clear whether Mr. Jaramillo has a cause of action against National City, or solely against the credit reporting agencies. At that time, National City will have an opportunity to renew its motion to dismiss, if it has not been established that National City received a report of inaccurate information from a credit reporting agency, pursuant to section 1681i(a)(2). At this stage, however, National City's motion to dismiss Mr. Jaramillo's FCRA claim must be denied.").

*E-FILED*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-8714-GHK (RZx) | Date | June 14, 2012 |
|---|---|---|---|

| Title | *Shagane Ovsepyan v. OneWest Bank, FSB* |
|---|---|

In light of the foregoing, OneWest's Motion is **GRANTED** insofar as it seeks dismissal of Plaintiff's RESPA claim, and **DENIED** insofar as it seeks dismissal of her FCRA claim.  Plaintiff's RESPA claim is **hereby DISMISSED with prejudice**.  OneWest **SHALL** answer the FCRA claim **within fourteen (14) days hereof**.

**IT IS SO ORDERED.**

--- : ---

Initials of Deputy Clerk    ljw for Bea